## LANDLORD AND TENANT—MASTER AND SERVANT—NEG= LIGENCE.

[Hamilton (1st) Circuit Court, June 1, 1907.]

Swing, Giffen and Smith, JJ.

CAROLINE MOULLIET V. EMMA M. ANDERSON.

LANDLORD NOT LIABLE TO THIRD PERSONS UNDER LEASE.

The agreement of a property owner to repair premises, made with his lessee, does not inure to the benefit of others toward whom the owner sustained no relations growing out of the agreement.

[For other cases in point, see 5 Cyc. Dig., "Landlord and Tenant," §§ 273-327; 6 Cyc. Dig., "Negligence," §§ 222-226.—Ed.]

ERROR to Hamilton common pleas court.

**C. B. Smith** and **J. B. Shroeder,** for plaintiff in error.

**Worthington & Strong,** for defendant in error.

## PER CURIAM.

The action below was to charge defendant as owner of leased premises for injuries received by a servant employed in the family of the

lessee in manipulating a cellar door in a sidewalk adjacent to the leased building, upon the theory that the hinges of the cellar door being defective when the lease was made and the owner having promised to repair, the facts created an obligation toward plaintiff.

The court below directed a verdict for defendant. That an obligation toward the party injured, and that its violation was the proximate cause of the injury must be shown, is well settled. *Baltimore & O. S. W. Ry.* v. *Cox*, 66 Ohio St. 276 [64 N. E. Rep. 119; 90 Am. St. Rep. 583].

But this the testimony failed to show. The premises were leased entire to one Giesling, and were under his sole control. He may have been liable to her as master in not furnishing her a safe place to work, but an owner's contract to repair, made with a lessee, does not inure to the benefit of others toward whom the owner sustained no relations growing out of the contract. *Burdick* v. *Cheadle*, 26 Ohio St. 393 [20 Am. Rep. 767]; *Langebaugh* v. *Anderson*, 68 Ohio St. 131, 150 [67 N. E. Rep. 286].

We find no error in the judgment and proceedings below. Judgment affirmed.